UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL GUDINO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECT FINANCIAL SOLUTIONS, LLC, et al.,<br><br>　　　　　Defendants. | No. 1:22-cv-00352-JLT-SKO<br><br>ORDER DIRECTING THE CLERK TO TERMINATE DEFENDANT TRANSUNION, LLC<br><br>(Doc. 10) |

　　　　On May 11, 2022, Plaintiff filed a notice of voluntary dismissal of Defendant TransUnion, LLC, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  (Doc. 10.)

　　　　In relevant part, Rule 41(a)(1)(A) provides as follows:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  Rule 41(a)(1)(B) provides further that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).

Plaintiff filed its notice before Defendant TransUnion, LLC served either an answer or a motion for summary judgment.  As such, Plaintiff has voluntarily dismissed TransUnion, LLC without prejudice, and this case has automatically terminated as to that defendant.  Fed. R. Civ. P. 41(a)(1)(A), (B).  Accordingly, the Clerk of the Court is directed to TERMINATE Defendant TransUnion, LLC.

This case shall remain OPEN pending resolution of Plaintiff's case against the remaining defendant.

IT IS SO ORDERED.

Dated:   **May 12, 2022**                             /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE